IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAGDELENE A. RACZ,                         :

          Plaintiff,                  :    Case No. 3:15cv074

    vs.                                  :    JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,   :

          Defendant.                  :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #13) IN THEIR ENTIRETY;
PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14)
OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT
COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING COMMISSIONER'S
DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT
ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT;
TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On February 16, 2015, the United States Magistrate Judge filed a Report and Recommendations

(Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act be affirmed.  Based upon reasoning

and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc.

#13) and in the Defendant's Memorandum in Opposition to Plaintiff's Statement of Specific

Errors (Doc. #11), as well as upon a thorough de novo review of this Court's file, including the

Administrative Transcript (Doc. #6), and a thorough review of the applicable law, this Court

adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Defendant Commissioner and against the Plaintiff, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was both supported by substantial evidence and the result of the application of the correct legal standards in reaching his decision. The Plaintiff's Objections to said judicial filing (Doc. #14) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is affirmed.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213

(6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial

evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different

conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).


In addition to the foregoing, in ruling as aforesaid, this Court makes the following,

non-exclusive, observations:

1.      LISW-S Sarah Kramer's February, 2013 assessment and the June 27, 2012, review

by Caroline Lewin, Ph.D., the latter indicating that Plaintiff had a "marked impairment in the

ability to travel in unfamiliar places, use public transportation and to set realistic goals or make

plans independently of others," are each unsupported by substantial evidence in the record as

considered as a whole.  Moreover, the marked impairments found by Dr. Lewin do not, in this

Court's opinion, impact upon her claim of disability, her RFC, or fitness for employment.  Finally,

the Administrative Law Judge adequately considered the opinions of Dr. Lewin in his Residual

Functional Capacity attributed to Plaintiff.

2.      Although Ms. Kramer is not an "acceptable medical source," this Court concludes

that the Administrative Law Judge adequately considered her opinions, based upon the

Commissioner's Rules and Regulations.

3.      The duty of the trial court sitting on an appeal from a decision of the Commissioner

of Social Security that Plaintiff was not disabled within the meaning of the Act is not to determine

whether the record contains any evidence of disability.  Rather, this Court's task is to determine

whether the Commissioner's finding that Plaintiff was not disabled is supported by substantial

evidence and that the Administrative Law Judge applied the proper legal standards.  In this matter,

the record is so supported; the Hearing Officer followed and applied the correct legal standards to this Plaintiff.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was both supported by substantial evidence and the result of the correct application of the relevant legal standards. Plaintiff's Objections to said judicial filing (Doc. #14) are overruled. Judgment will be ordered entered in favor of the Defendant Commissioner and against Plaintiff herein, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 31, 2016

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record

-5-